**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE GUADALUPE HERNANDEZ RAMIREZ,<br><br>          Petitioner,<br><br>     v.<br><br>JAMES JANECKA, *et al.*,<br><br>          Respondents. | Case No. 5:26-cv-04198-ACCV<br><br>**ORDER GRANTING PETITION** |

## I.     RULING

Petitioner Jose Guadalupe Hernandez Ramirez ("Petitioner") (A# 220-487-349) is an immigration detainee in custody at the Desert View Facility in Adelanto, California.  (Dkt. 1 at 6.)  A native and citizen of Mexico, Petitioner was placed in removal proceedings before the Adelanto Immigration Court pursuant to 8 U.S.C. § 1229a and has been detained since June 22, 2026.  (*Id.*)  Petitioner challenges his detention under the Fifth Amendment's Due Process Clause, under the Administrative Procedure Act ("APA"), and as a violation of the bond regulations in 8 C.F.R. § 236.1, 1236.1, and 1003.19.  (*Id.* at 23–27.)

For the reasons discussed below, the Court grants the Petition.

## II.   FACTS AND PROCEDURAL HISTORY

Petitioner is a forty-six-year-old native and citizen of Mexico who first entered the United States over twenty-five years ago. (Dkt. 1 at 6.)  According to Petitioner, Petitioner entered the United States without inspection in 2001.  (*Id.*)  Petitioner alleges he has lived continuously in the United States since his entry in 2001 and has three U.S. citizen children.  (*Id.*)  According to Petitioner, he has no criminal history, no arrests, and no previous contact with immigration authorities.  (*Id.*)

Petitioner alleges he has deep ties to Fullerton, California.  (*Id.*)  Petitioner has worked as a self-employed painter for over ten years and has support letters attesting to Petitioner as a hard worker who is loving, respectful, and missed by his family.  (*Id.*)

On June 22, 2026, Petitioner was detained while he was on his way to work. (*Id.*)  Petitioner stopped at a convenience store for coffee.  (*Id.*)  While Petitioner was walking back to his truck, U.S. Immigration and Customs Enforcement ("ICE") officers surrounded him.  (*Id.*)  Petitioner alleges the ICE officers used excessive force when they detained him, and that he was arrested without a warrant.  (*Id.*)  According to Petitioner, bystanders recorded his detention because he was forcefully detained without having committed any crime.  (*Id.*)

Since his detention, Petitioner remains detained at Desert View Facility in Adelanto, California, which is 129 miles from his family.  (*Id.*)  The Department of Homeland Security ("DHS") placed Petitioner in removal proceedings before the Adelanto Immigration Court pursuant to 8 U.S.C. § 1229a and charged Petitioner with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i).  (*Id.* at 6–7.)

On July 24, 2026, an immigration judge issued a decision that the immigration court lacked jurisdiction to conduct a bond redetermination hearing because Petitioner is subject to mandatory detention.  (*Id.* at 7.)  Petitioner alleges

2

that he remains detained while applying for cancellation of removal.  (*Id.*)

Petitioner filed his Petition for Writ of Habeas Corpus ("Petition") on July 27, 2026.  (Dkt. 1.)  Advancing four claims, Petitioner argues his detention violates the Fifth Amendment's due process protections, the APA, and 8 C.F.R. § 236.1, 1236.1, and 1003.19.  (*Id.* at 23–27.)

Petitioner requests, *inter alia*, that the Court grant the Petition requiring Respondents to release Petitioner, or in the alternative, require Petitioner be provided an individualized bond hearing before an impartial immigration judge within 14 days, at which the government bears the burden to justify continued detention by clear and convincing evidence.  (*Id.* at 28.)  Petitioner also requests that this Court declare that his continued detention violates his due process rights. (*Id.*)

Respondents filed an Answer to the Petition on August 4, 2026.  (Dkt. 8.) Respondents state that "Petitioner appears to be entitled to request and receive an initial bond hearing pursuant to" *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026) (holding "that aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A).").  (*Id.* at 2.)  Respondents argue that Petitioner is "properly detained pending such potential bond proceedings" and that Petitioner is not entitled to immediate release.  (*Id.*)  If Petitioner is entitled to relief, Respondents argue that such relief is at most a bond hearing under 8 U.S.C. § 1226(a) ("§ 1226").  (*Id.*)  In his August 7, 2026 Traverse, Petitioner argues that Respondents have "conceded that the Court has generally ordered bond hearings consistent with similar prior cases as Bostock's ruling." (Dkt. 9 at 2.)  Petitioner requests that the court issue a Writ of Habeas Corpus ordering Petitioner's immediate release or a bond hearing.  (*Id.*)

///

3

## III.   LEGAL BACKGROUND

Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).  A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) (citing U.S. Const. art. I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833, 36 L. Ed. 2d 439 (1973).  Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301, 121 S. Ct. 2271, 2280, 150 L. Ed. 2d 347 (2001).  A noncitizen in the custody of immigration authorities may bring a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds of their detention violates the Constitution or other federal laws.  28 U.S.C. § 2241(c)(3); *Zadvydas v. Davis*, 533 U.S. 678, 687–88, 121 S. Ct. 2491, 2497, 150 L. Ed. 2d 653 (2001) (federal courts retain jurisdiction to consider habeas relief under § 2241 for noncitizens subject to detention following an order of removal).

## IV.   DISCUSSION

Petitioner argues that his ongoing confinement violates due process and the INA.  Consistent with recent decisions by this District and others, the Ninth Circuit's decision in *Rodriguez Vazquez*, 2026 WL 2196424, and the parties' agreement, the Court finds that Petitioner is entitled to an initial bond hearing.  The Court also finds that release is required to afford Petitioner complete relief.  The Court dismisses Petitioner's remaining claims as moot.

4

**A.      Petitioner is Entitled to a Bond Hearing Under 8 U.S.C. § 1226.**

The parties agree that Petitioner's detention is pursuant to 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2)(A).  (*See* Dkts. 1 at 4; 8 at 2; 9 at 1.)  On July 30, 2026, the Ninth Circuit found that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)," rejecting the government's position that unadmitted noncitizens present in the interior of the country are subject to mandatory detention without bond under 8 U.S.C. § 1225(b)(2)(A).  *Rodriguez Vazquez*, 2026 WL 2196424, at *3.  As Petitioner is an unadmitted noncitizen, who was "present in the interior of the country" when he was detained, Petitioner is subject to 8 U.S.C. § 1226.  *See id.* at *26.  Respondents do not argue otherwise.

The Ninth Circuit's reasoning in *Rodriguez Vazquez v. Bostock* affirmed the reasoning underlying the Judgment in *Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025) ("*Bautista*").  The certified class in *Bautista* is "[a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination."  *Bautista*, 813 F. Supp. 3d at 1127.

Here, Petitioner entered the United States in 2001 without inspection, was not apprehended and paroled upon his arrival in the United States, and as such, DHS cannot have made an initial custody determination that Petitioner was subject to mandatory detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231.  As noted, Respondents state in their Answer that "Petitioner appears to be entitled to request and receive an initial bond hearing pursuant to *Rodriguez Vazquez v.*

*Bostock*, --- F.4th ---, 2026 WL 2196424 (9th Cir. 2026) (finding 'that aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A).').'' (Dkt. 8 at 2.)  In Petitioner's Traverse, he states that the parties are in agreement that Petitioner is a member of the *Bautista* Bond Eligible Class and entitled to a bond hearing pursuant to *Rodriguez Vazquez v. Bostock.*  (Dkt. 9 at 1–2.)  Petitioner then requests that the Court "issue a Writ of Habeas Corpus ordering the Respondents to release Petitioner immediately from custody, or to hold a bond hearing if warranted and determine that Petitioners' detention is not justified because the government has not established by clear and convincing evidence that he presents a risk of flight or a danger to the community in light of the available alternatives."  (Dkt. 9 at 2.)  Given the foregoing, and the parties' agreement, the Court finds that Petitioner is a member of the *Bautista* Bond Eligible Class and is entitled to a bond hearing pursuant to *Rodriguez Vazquez*, 2026 WL 2196424, at *3.

**B.    Immediate Release is Required to Afford Petitioner Complete Relief.**

Petitioner requests release in his Petition.  (Dkts. 1 at 28; 9 at 2.)  While Respondents acknowledge Petitioner's entitlement to a bond hearing under *Rodriguez Vazquez v. Bostock*, they oppose Petitioner's request for immediate release, arguing "to the extent Petitioner would be entitled to any remedy via the Petition, at most it would be ordering a bond hearing to be held before an Immigration Judge under § 1226(a)."  (Dkt. 8 at 2.)

Given the position already taken by the Immigration Judge when Petitioner previously requested such a hearing, the Court finds that ordering a bond hearing in this case would be futile.  On July 24, 2026, in denying Petitioner's request for bond during in custody redetermination proceedings, the Immigration Judge wrote:

The Respondent is an entry without admission.  As such, this Court

6

has no jurisdiction to hear this claim.  See Matter of Yajure-Hurtado, 29 I&N Dec. 216 (BIA 2025).  In Order 26-1044, the 9th Circuit stayed the District Court's vacatur of Yajure-Hurtado, which in turn restores its binding and precedential nature.  This Court is not free to ignore Yajure-Hurtado.  8 C.F.R. section 1003.1(g).

(Dkt. 1 at 42.)

At the time of the Immigration Judge's order, the declaratory Judgment entered in *Bautista* was in place and has "the force and effect of a final judgment or decree." 28 U.S.C. § 2201.  As parties to *Bautista*, Respondents were required to comply with the judgment in that case. *See, e.g.*, *Maness v. Meyers*, 419 U.S. 449, 458, 95 S. Ct. 584, 42 L. Ed. 2d 574 (1975) ("We begin with the basic proposition that all orders and judgments of courts must be complied with promptly."); *United Aeronautical Corp. v. United States Air Force*, 80 F.4th 1017, 1031 (9th Cir. 2023) ("But in suits against government officials and departments, we generally assume that they will comply with declaratory judgments."); *Haaland v. Brackeen*, 599 U.S. 255, 293, 143 S. Ct. 1609, 216 L. Ed. 2d 254 (2023) ("After all, the point of a declaratory judgment is to establish a binding adjudication that enables the parties to enjoy the benefits of reliance and repose secured by res judicata," and "conclusively resolves the legal rights of the parties.") (internal quotation marks omitted).  "Thus, even before the Ninth Circuit's decision in *Rodriguez Vasquez v. Bostock*, the Judgment in *Maldonado Bautista* required that Petitioner be considered for bond." *ADRIAN JACOBO ZAVALA, Petitioner, v. FERETI SEMAIA, ET AL., Respondents. Additional Party Names: Adelanto ICE Det. Ctr., Los Angeles Field Off. of ICE's Enf't & Removal Operations, United States Dep't of Homeland Sec.*, No. 5:26-CV-03824-DSR, 2026 WL 2291230, at *3 (C.D. Cal. Aug. 7, 2026) (citing *Badger Cath., Inc. v. Walsh*, 620 F.3d 775, 782 (7th Cir. 2010) ("In other words, 'a declaratory judgment is a real judgment, not just a bit of friendly advice.'")).

7

At the same time, however, while the Ninth Circuit left in place *Maldonado Bautista*'s declaratory Judgment that class members like Petitioner are subject to Section 1226(a) and therefore entitled to bond hearings (and then affirmed that principle in *Rodriguez Vasquez v. Bostock*), it also stayed *Maldonado Bautista*'s Order vacating *Matter of Yajure Hurtado*. *See* Ninth Cir. Order Dated Mar. 31, 2026, (Doc. No. 17) in *Bautisa, et al. v. United States Dep't of Homeland Sec., et al.*, Ninth Cir. No. 26-1044. This puts the Immigration Judge in an impossible position. One the one hand, the unstayed Judgment in *Maldonado Bautista* requires that Petitioner and other class members like him be considered for bond under Section 1226(a), as discussed above. On the other hand, because the vacatur of *Matter of Yajure Hurtado* is stayed, that BIA decision holding the exact opposite of the Judgment in *Maldonado Bautista* (and now *Rodriguez Vasquez v. Bostock*) remains also binding on the Immigration Judge. The Immigration Judge therefore faces the no-win situation where no matter what he does, it will violate binding authority.

*Id.*

Here, the Immigration Judge has clearly stated that the BIA's decision remains binding on the Immigration Judge. (Dkt. 1 at 42.)

Thus, based on the undisputed facts in the record, an order by this Court requiring another bond hearing that complies with the *Bautista* Judgment, and the *Rodriguez Vasquez v. Bostock* decision, would be futile in light of the contrary administrative authority from the BIA, which the Immigration Judge has already made clear he will follow. (*See id.*) Such a conclusion is in line with many other courts in this District. *See, e.g., Contreras v. Mullin*, No. 5:26-CV-01502-AJR, 2026 WL 1679034, at *3 (C.D. Cal. Apr. 10, 2026) ("In light of the Ninth Circuit's administrative stay of the *Maldonado Bautista* court's February 18, 2026 Order vacating *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 229 (BIA 2025), the Immigration Judge would be required to once again deny bond based on lack of jurisdiction."); *Kun v. Janecka*, No. ED CV 26-1280-DMG (AYP), 2026 WL 931541, at *5 (C.D. Cal. Apr. 3, 2026) ("To the extent immigration judges

8

consistently invoke *Hurtado* as governing authority to deny bond in analogous cases, the Court is inclined to agree with Petitioner that ordering a Bautista section 1226(a) bond hearing as a remedial measure would likely be futile."); *Procopio v. Mullin*, No. 5:26-CV-01793-SP, 2026 WL 1045658, at *3 (C.D. Cal. Apr. 13, 2026) (finding that in light of continued reliance by immigration judges on *Yajure Hurtado*, ordering a bond hearing would likely be futile, and immediate release from custody is therefore necessary to provide complete relief to the habeas petitioner); *FABIAN ROBERTO VEGA-HUERTA, Petitioner, v. ACTING DIRECTOR, U.S. Immigr. & Customs Enf't, et al., Respondents.*, No. 5:26-CV-02366-DTB, 2026 WL 1529239, at *3 (C.D. Cal. May 28, 2026) (same); *ADRIAN JACOBO ZAVALA, Petitioner*, 2026 WL 2291230, at *3 (same).  Accordingly, the Court concludes that, under the circumstances of this case, to afford Petitioner complete relief, the Court must order Petitioner's immediate release.

## V.    ORDER

For the foregoing reasons, IT IS ORDERED that (1) the Petition is granted; (2) Respondents must immediately release Petitioner Jose Guadalupe Hernandez Ramirez (A# 220-487-349) from custody, subject to reasonable conditions of supervision; (3) Respondents must return all property to Petitioner that was confiscated from him when he was arrested and processed into detention; (4) Respondents must file a status report within three court days of this Order confirming Petitioner's release, and once confirmation is received, judgment will be entered consistent with this Order; and (5) any future enforcement actions after Petitioner's release must comply with Due Process requirements.

DATED: August 12, 2026

_____
HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge